669 So.2d 1351 (1996)
STATE of Louisiana
v.
Robert CALHOUN.
No. 94 KA 2567.
Court of Appeal of Louisiana, First Circuit.
February 23, 1996.
*1353 Doug Moreau, District Attorney, Baton Rouge, and Tom Walsh, Assistant District Attorney, Baton Rouge, for Appellee-Plaintiff, State of Louisiana.
Edward Greenlee, Baton Rouge, for Appellant-Defendant, Robert Calhoun.
Before WATKINS and FOIL, JJ., and TANNER, J. Pro Tem.[*]
FOIL, Judge.
The defendant, Robert Calhoun, was charged by grand jury indictment with one count of sexual battery, a violation of La.R.S. 14:43.1 and one count of molestation of a juvenile, a violation of La.R.S. 14:81.2. He pled not guilty to the charges. Subsequently, the charge of sexual battery was dismissed and the defendant pled guilty to the charge of molestation of a juvenile. The defendant was sentenced to six years at hard labor with credit for time served.[1] He has appealed, urging the following assignments of error:
1. The trial court erred in imposing an excessive sentence, failing to apply the sentencing guidelines of La.C.Cr.P. art. 894.1, and subjecting the defendant to the provisions of La.R.S. 15:540, et seq., in violation of the Louisiana and United States Constitutions.
2. The trial court erred in denying the defendant's Motion to Withdraw Guilty Plea.
3. The trial court erred in ordering the defendant to comply with La.R.S. 15:540, et seq., as those provisions are unconstitutional.
4. The defendant was not afforded his right to effective assistance of counsel.
*1354 In his brief to this Court, the defendant expressly abandoned assignment of error number four except for the arguments presented in assignment of error number two.

FACTS
Because the defendant pled guilty, the facts of the offense were not fully developed. The facts adduced at the Boykin hearing reveal that between July 1, 1992, and April 1, 1993, the defendant committed a lewd and lascivious act upon or in the presence of a minor, C.M., with the intent of arousing and gratifying the sexual desire of the defendant. The defendant was born March 17, 1946 and the victim was born on October 12, 1978.

ASSIGNMENT OF ERROR NUMBER ONE[2]
In his first assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence. He contends that in imposing sentence, the trial court failed to list mitigating factors and that sentencing him to the maximum sentence was a "needless imposition of suffering."
The statutory penalty for molestation of a juvenile is a fine of not more than five thousand dollars and/or a term of imprisonment with or without hard labor of not less than one nor more than ten years. La.R.S. 14:81.2(B). Thus, the defendant's sentence of six years at hard labor does comply with the statutory requirements.
The defendant was sentenced on October 14, 1994. The defendant timely filed a written motion to reconsider the sentence based on the excessiveness of the sentence, the court's failure to articulate reasons for the sentence in accordance with La.C.Cr.P. art. 894.1, the court's failure to consider or follow the sentencing guidelines, and the fact that the sentence subjects him to the unconstitutional provisions of La.R.S. 15:540, et seq. The trial court denied the defendant's motion for reconsideration of sentence. Prior to its recent amendment, former La. C.Cr.P. art. 894.1(A) required a trial court to consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission.[3] Provided that the court complied with the requirements of former Article 894.1, it had "complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant has been convicted...." State v. Smith, 93-0402, p. 3 (La. 7/5/94), 639 So.2d 237, 240 (on rehearing) (footnote omitted).
In sentencing the defendant, the trial court stated that it considered the sentencing guidelines but was sentencing the defendant "outside of the guidelines." The court stated that the defendant was not a youthful offender and that the victim was young and vulnerable. The court felt that the defendant used his status in order to facilitate the crimes and that his conduct did threaten to cause serious emotional harm. The court stated that, although the defendant was classified as a first felony offender, he had a significant criminal history with arrests for twelve different felonies and/or crimes against the person. The court noted that the defendant had not shown remorse or accepted responsibility for his actions. The court stated that the defendant was the beneficiary of a reduced charge as the prosecutor dropped other pending charges in exchange for the defendant's plea. The court felt that the defendant was in need of a custodial environment or correctional treatment and that he appears to be a chronic offender. The court further stated that:
Defendant has a good education and is able, but unwilling to be a contributing member of society. The defendant preyed *1355 on the hopes and dreams of very young girls and lured them into posing nude with promises of financial success. It is obvious that the defendant carefully planned his method of exploitation and worked to keep it a secret by warning the underage girls that they must not tell anyone, especially their family. The pattern of exploitation of these girls was the same and was used extensively in order to gratify the defendant's own perversions. Some of the victims were only 13 years of age. The girls were easy prey for the defendant's intimidating practices. He's been arrested before for juvenile pornography, so the defendant is no novice to this crime and certainly committed it knowingly and willfully. His behavior was despicable and has caused a great deal of trauma to the victims and stress for their families. There was nothing legitimate or professional or, as Mr. Calhoun describes it, artistic about the way he used these young girls.
It is apparent from the court's comments that it considered the Guidelines before imposing sentence and that it adequately stated the considerations taken into account and the factual basis for the sentence. Thus, we are limited to a review of the sentence for constitutional excessiveness. Article I, section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence is constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it shocks the sense of justice. The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within the statutory limits. State v. Lobato, 603 So.2d 739, 751 (La.1992).
After reviewing the record and considering the facts of the instant case, we are unable to say that the trial court abused its discretion in sentencing the defendant. Although the defendant claims that he was given the maximum sentence for his conviction of molestation of a juvenile, he was not. The defendant was sentenced to six years at hard labor and according to La.R.S. 14:81.2(B), the court could have imposed a maximum sentence of ten years at hard labor and a fine of up to five thousand dollars. We find this assignment of error to be without merit.

ASSIGNMENT OF ERROR NUMBER TWO
In his second assignment of error, the defendant contends that the trial court erred in denying his motion to vacate his guilty plea. He argues that he should have been allowed to withdraw his guilty plea as the trial court failed to inform him at the time of his plea of the registration requirements of La.R.S. 15:540, et seq. He contends that La.R.S. 15:543(A) required the court to provide him with written notification of the registration requirements when he was charged with the sex offense and that he was only given written notification of the registration requirements at his sentencing.
Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires that a trial court ascertain before accepting a guilty plea that the defendant has voluntarily and knowingly waived his right against self-incrimination, his right to a jury trial, and his right to confrontation. A guilty plea is a conviction and, therefore, should be afforded a great measure of finality. State v. Thornton, 521 So.2d 598, 600 (La.App. 1st Cir.), writ denied, 530 So.2d 85 (La.1988).
A trial court may permit the withdrawal of a guilty plea at any time before sentencing. La.C.Cr.P. art. 559(A). Under this article the defendant had no absolute right to withdraw a previously entered plea of guilty. The court's decision is discretionary, subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Carmouche, 589 So.2d 53, 55 (La.App. 1st Cir.1991).
After entering his guilty plea, and before sentencing, the defendant filed a motion to *1356 withdraw his plea. A hearing was held on his motion, and the trial court denied the motion. The defendant argued at the hearing that when he pled guilty he was unaware of the registration and notification requirements for convicted sex offenders and that he felt he made an uninformed plea.
Registration under La.R.S. 15:542 is not part of the defendant's sentence for his conviction of molestation of a juvenile but is a statutory requirement for all convicted sex offenders in Louisiana. La.R.S. 15:540-549 exposes the defendant to additional penalties for failure to comply with these provisions. The provisions are not negotiable; thus, waiver of the registration and notification requirement could not have been a part of the defendant's agreement to plead guilty. See State v. Boros, 94-453 (La.App. 5th Cir. 11/29/94), 646 So.2d 1183, 1187-88, writ denied, 94-3148 (La. 5/12/95), 654 So.2d 347 and State v. Payne, 633 So.2d 701, 702 (La.App. 1st Cir.1993), writ denied, 94-0291 (La. 6/3/94), 637 So.2d 497. Additionally, Boykin does not require that the defendant be advised of the sentencing range. Moreover, it is not clear what, if any, explanation is owed to a defendant about his maximum penalty exposure, only that an understanding of the exposure is important to a defendant in some cases. State v. Harris, 601 So.2d 775, 777 (La.App. 1st Cir.1992). Because the defendant is not required to be informed of his sentencing exposure when pleading guilty, there undoubtedly is no mandate that the court inform the defendant of the registration and notification requirements and the penalty for noncompliance as they are not part of the defendant's sentence.
In his counseled brief to this Court the defendant does not argue that he would have pled not guilty had he been informed of the registration and notification requirements; however, the defendant does claim in his brief that, during the hearing on his motion to withdraw his guilty plea, he "specifically" stated in his reasons for withdrawing his plea that he would have acted differently had he been informed. According to the record, during the hearing on the motion, the defendant stated that he was not informed of the registration and notification requirements for sex offenders. He claimed that because he was not given this information his "plea was not an informed plea choice" and he asked that the court allow him to withdraw his plea. Therefore, although the defendant claims his plea was uninformed, the defendant did not claim at the hearing or in his counseled brief that had he known of the requirements he would not have pled guilty.
The defendant also argues that the ineffectiveness of his counsel precluded him from entering an informed and voluntary guilty plea. He claims that his attorney's failure to inform him of the registration and notification requirements for convicted sex offenders amounted to ineffective assistance of counsel. He also complains that the Motion to be Relieved as Counsel or, in the alternative, Motion for Continuance filed by defense counsel prior to the defendant entering his plea of guilty shows his counsel's lack of preparation for trial and lack of enthusiasm for representing the defendant. The defendant further contends that he should have been afforded counsel on his motion to withdraw his guilty plea as he did not want to represent himself and wanted the court to appoint counsel for him.
A claim of ineffective assistance of counsel is more properly raised by an application for post-conviction relief in the district court where a full evidentiary hearing may be conducted. However, where the record discloses sufficient evidence to decide the issue of ineffective assistance of counsel and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Parker, 581 So.2d 314, 317 (La.App. 1st Cir. 1991). Herein, an evidentiary proceeding would be necessary to resolve the defendant's allegations. In his brief to this Court, the defendant acknowledges that these issues are more properly addressed by an application for post conviction relief.
The defendant contends that he should have been appointed counsel for the *1357 hearing on his motion to withdraw his guilty plea, but our review reveals no error was committed by the trial court in this instance. The defendant was represented by counsel at his guilty plea and sentencing. Just prior to the hearing on his pro se motion to vacate his plea, a hearing was held on the defendant's motion to terminate counsel. The defendant's counsel was present at this hearing. During the hearing, the defendant asked the court to terminate his attorney as he was unable to financially afford to have him represent him. The defendant then requested that he be appointed an attorney from the public defender's office to represent him. The court stated that it would allow the defendant to terminate counsel and hire another attorney. The court then held a hearing on whether the defendant was indigent. After the hearing, the court found that the defendant was not indigent and allowed him one week to hire a new attorney. The court then asked the defendant, "Now, do you want to handle youryour motion as regarding the motion to withdraw your guilty plea?" The defendant responded, "Yes, your honor. I do."
The proper procedure at this point would have been for the defendant to file an application for supervisory writs from the trial court's finding the defendant was not indigent. However, the trial court gave the defendant the option to continue the hearing, which the defendant declined. Moreover, our finding that the defendant's motion to withdraw his guilty plea was properly denied renders this issue moot.
After reviewing the record, we find that the defendant clearly was informed of the charges against him and of the rights he was waiving and that he knowingly and voluntarily entered his plea of guilty. The trial court did not err in denying the defendant's motion to withdraw his plea of guilty.

ASSIGNMENT OF ERROR NUMBER THREE
In this assignment of error, the defendant contends the requirement that he comply with the sex offender registration and notification provisions of La.R.S. 15:540, et seq., is unconstitutional. In brief to this Court, he argues that these statutes directly conflict with his constitutionally guaranteed right to privacy.
The defendant argues that requiring him to notify a large group of people of his offense "does nothing more than further stigmatize him and probably negate any attempt to rehabilitate himself." He contends that, because the registration requirements bear no rational relationship to the rehabilitation of the offender, the requirements unconstitutionally infringe on the defendant's right to privacy set forth in the Louisiana Constitution.
Article 1, section 5, of the Louisiana Constitution expressly guarantees that every individual shall be secure in his "person" against "unreasonable searches, seizures, or invasions of privacy." One aspect of "liberty" protected by both the federal and the state constitutions is a right of personal privacy or a guarantee of certain areas or zones of privacy. This right of personal privacy includes the interest in independence in making certain kinds of important decisions. Among the decisions that an individual may make without unjustified government interference are personal decisions relating to marriage, procreation, contraception, family relationships, and child rearing and education. State v. Perry, 610 So.2d 746, 760 (La.1992). Under the Louisiana Constitution, the standard of "strict judicial scrutiny" is applied to review state action which imposes a burden on decisions as fundamental as those included within the right of personal privacy.[4] Under this test, the state action "may be justified only by a compelling state interest, and the state action must be narrowly confined so as to further only that compelling interest." State v. Gamberella, 633 So.2d 595, 604 (La.App. 1st Cir.1993), writ denied, 94-0200 (La. 6/24/94), 640 So.2d *1358 1341 (quoting State v. Perry, 610 So.2d at 760).
In enacting the statutes that require the registration of sex offenders and community notification, the legislature set forth the purpose for the statutes in La.R.S. 15:540:
A. The legislature finds that sex offenders often pose a high risk of engaging in sex offenses even after being released from incarceration or commitment and that protection of the public from sex offenders is of paramount governmental interest. The legislature further finds that local law enforcement officers' efforts to protect their communities, conduct investigations, and quickly apprehend offenders who commit sex offenses, are impaired by the lack of information available to law enforcement agencies about convicted sex offenders who live within the agency's jurisdiction, and the penal and mental health components of our justice system are largely hidden from public view and that lack of information from either may result in failure of both systems to meet this paramount concern of public safety. Restrictive confidentiality and liability laws governing the release of information about sexual offenders have reduced willingness to release information that could be appropriately released under the public disclosure laws, and have increased risks to public safety. Persons found to have committed a sex offense have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government. Release of information about sex offenders to public agencies, and under limited circumstances the general public, will further the governmental interests of public safety and public scrutiny of the criminal and mental health systems so long as the information released is rationally related to the furtherance of those goals.
B. Therefore, this state's policy is to assist local law enforcement agencies' efforts to protect their communities by requiring sex offenders to register with local law enforcement agencies and to require the exchange of relevant information about sex offenders among public agencies and officials and to authorize the release of necessary and relevant information about sex offenders to members of the general public as provided in this Chapter.
It is well established that statutes are presumed to be valid, and the constitutionality of a statute should be upheld whenever possible. Because a state's statute is presumed constitutional, the party challenging the statute bears the burden of proving its unconstitutionality. The attack will fail if there exists a reasonable relationship between the law and the promotion or protection of a public good, such as health, safety, or welfare. State v. Griffin, 495 So.2d 1306, 1308 (La.1986).
The right to privacy is not absolute; it is qualified by the rights of others. Furthermore, the right of privacy does not shield all private sexual acts from state regulation. State v. Gamberella, 633 So.2d at 604. No one can seriously doubt that the state has a compelling interest in protecting the public from sex offenders. Forcing a convicted sex offender to register with local law enforcement officials and notify neighbors and area schools of his presence furthers the state's interest in protecting the public and preventing further abuses. After reviewing the statutes, we find they are constitutional. The legislature clearly states that convicted sex offenders have a reduced expectation of privacy and that the release of information about sex offenders will further the governmental interests of public safety. The state's policy is to assist local law enforcement agencies' efforts to protect their community. See La.R.S. 15:540. Additionally, we note that this issue was recently addressed by the New Jersey Supreme Court, which determined that the New Jersey law requiring the registration of sex offenders and the notification of their presence in the community did not violate the offender's right to privacy. See Doe v. Poritz, 142 N.J. 1, 662 A.2d 367 (1995).
Thus, after reviewing the statutes and the purpose set forth by the legislature for their *1359 enactment, we do not find that these statutes violate the defendant's right to privacy. This assignment of error is without merit.
For these reasons, the conviction and sentence imposed by the trial court is affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[*] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[1] The defendant also pled guilty to one count of pornography involving juveniles. He separately appealed his guilty plea in State v. Calhoun, 94 KA 2568, also rendered this date.
[2] Although the defendant combines assignments of error numbers one and three in his brief to this Court, we have decided not to address them together. The defendant's contention in assignment of error number one that he was unconstitutionally subjected to the provisions of La.R.S. 15:540-549 is addressed in assignment of error number three.
[3] La.C.Cr.P. art. 894.1 was amended by Act 942, § 1, of 1995, effective August 15, 1995.
[4] Because strict scrutiny is applied to this issue under our state constitution, it is not necessary for us to review the issue under the federal constitution to determine if the defendant would be entitled to relief thereunder.