694 So.2d 909 (1997)
STATE of Louisiana
v.
Robert CALHOUN.
No. 96-K-0786.
Supreme Court of Louisiana.
May 20, 1997.
*910 Edward R. Greenlee, Baton Rouge, for Applicant.
Richard P. Ieyoub, Atty. Gen., Douglas P. Moreau, Dist. Atty., Monisa L. Thompson, Baton Rouge, for Respondent.
CALOGERO, Chief Justice.
We granted certiorari in this case to determine whether the lower courts erred in ruling that the defendant could not withdraw a "best interest" guilty plea to one count of Molestation of a Juvenile. Given the totality of the circumstances under which the plea was made, we conclude that the district court judge abused her discretion in denying defendant's *911 motion to withdraw his guilty plea. Accordingly, we reverse and remand to the district court for further proceedings.

FACTS & PROCEDURAL HISTORY
On February 3, 1994, a grand jury returned a two-count bill of indictment against the defendant, Robert Calhoun, charging him with one count each of Sexual Battery, a violation of LSA-RS 14:43.1, and Molestation of a Juvenile, a violation of LSA-RS 14:81.2.[1] On the first count, Sexual Battery, the indictment alleged that Calhoun, between September 1, 1992 and December 31, 1992, intentionally touched the anus and genitals of T.F. no allegation was made in the indictment that T.F. is or was at the time a juvenile. On the second count, Molestation of a Juvenile, the indictment alleged that, between July 1, 1992 and April 1, 1993, Calhoun, then 46 years old, committed a lewd and lascivious act upon or in the presence of C.D., then 15 years old, with the intention of arousing and gratifying the sexual desire of the defendant. Initially, Calhoun pled not guilty to both counts. However, following numerous pre-trial motions, Calhoun entered into a counseled plea bargain agreement, whereby he agreed to enter "best interest" guilty pleas to the Molestation of a Juvenile charge and to an unrelated charge of Pornography Involving Juveniles[2] in exchange for the dismissal of the Sexual Battery charge. After conducting a Boykin hearing[3] on August 3, 1994, the trial judge accepted Calhoun's "best interest" guilty pleas and recognized the dismissal of the Sexual Battery charge.
On August 29, 1994, prior to his sentencing, Calhoun filed, pro se, a "Motion to Withdraw Guilty Pleas" and a "Motion to Terminate Counsel." Both motions were premised on allegations of ineffective assistance of counsel. The motions were considered at a hearing held on September 20, 1994 at which Calhoun represented himself. At the hearing, the Motion to Withdraw Guilty Pleas was enlarged to include the district court judge's failure to inform Calhoun of the sex offender registration requirements, codified at LSA-RS 15:540 et seq., prior to Calhoun's entering of the guilty pleas. The district court judge granted the Motion to Terminate Counsel, but found that Calhoun was not indigent and thus denied Calhoun's request for court-appointed counsel.
The judge next considered the Motion to Withdraw Guilty Pleas. Calhoun, representing himself on the motion, argued that his pleas were not informed ones for two reasons. First, Calhoun contended that he entered into the "best interest" guilty pleas because his then-attorney, Steven Young, advised him that there were no possible defenses to the charges and that the sentences would be less harsh if the defendant pled guilty. However, Calhoun later discovered that Young had confessed to the courton the day before the pleas were enteredthat he was unprepared to go to trial, had not interviewed any potential witnesses, and, in his own words, "just blew it!" Calhoun argued that his pleas were thus constitutionally infirm because they were based upon the advice of unprepared, uninformed counsel. In so arguing, Calhoun posed these rhetorical questions to the court: "How can an attorney advise a client that there is no hope for him at trial when the attorney has not even prepared for trial? How can an attorney explain to his client that the client has no defense against the allegations of the State when the attorney has not attempted to see if... a defense exists?"
*912 Second, Calhoun argued that his pleas were not informed ones because the district court judge failed to notify him of the sex offender registration laws as required by statute. Calhoun quoted to the court the language of LSA-RS 15:543, which states, in pertinent part, that "[t]he court shall provide written notification to any defendant charged with a sex offense of the registration requirements.... Such notice shall be included on any guilty plea forms...." LA.REV.STAT. ANN. § 15:543(A) (West Supp.1997). Calhoun, in his argument to the court, interpreted this language as mandating the court to notify a defendant of the registration requirements prior to the court's accepting a guilty plea. Calhoun learned of the registration requirements only after he had entered his guilty pleas and, then, only after someone had informed his wife of the sex offender registration laws. Calhoun professed that hearing about the registration requirements "frightened" him "tremendously."
After considering defendant's arguments, the district court judge denied the Motion to Withdraw Guilty Pleas, finding that Calhoun's pleas were based upon a free, knowing, intelligent, and voluntary waiver of his Boykin rights,[4] even though the judge acknowledged that Calhoun had not been informed of the sex offender registration requirements prior to entering the pleas. Thereafter, on October 14, 1994, Calhoun was sentenced to six-years imprisonment at hard labor on the molestation charge.[5] At the sentencing hearing, the judge informed Calhoun of the sex offender registration requirements both verbally and in writing.
Calhoun appealed, assigning as errors, inter alia, the trial court's denial of the Motion to Withdraw Guilty Pleas and ineffective assistance of counsel. The First Circuit affirmed. As to the denial of the Motion to Withdraw Guilty Pleas, the court reasoned that "there undoubtedly is no mandate that the court inform the defendant of the [sex offender] registration and notification requirements[,]... as they are not part of the defendant's sentence." State v. Calhoun, 94-2567, pp. 6-7 (La.App. 1st Cir. 2/23/96), 669 So.2d 1351, 1356. As to Calhoun's claim of ineffective assistance of counsel, the court concluded that because an evidentiary proceeding would be necessary to resolve defendant's allegations, this claim would more properly be addressed by an application for post-conviction relief. Id. at 1357.
From the court of appeal's decision, Calhoun sought review by this Court. We granted certiorari only as to the Molestation of a Juvenile charge and directed the parties to limit argument to the motion to vacate the guilty plea.

LAW
Louisiana Code of Criminal Procedure article 559 gives the district court judge the discretion to permit a withdrawal of a guilty plea at any time prior to sentencing. LA.CODE CRIM.PROC.ANN. art. 559(A) (West Supp.1997). However, this discretion cannot be exercised arbitrarily, and abuse of discretion can be corrected on appeal. State v. Compton, 367 So.2d 844, 847 (La.1979).
In the instant case, the district court judge concluded that Calhoun filed the Motion to Withdraw Guilty Pleas "purely on the basis that he [didn't] want to register as a sex offender." (R. at p. 349). The judge then denied the motion, stating that "when the Boykin clearly indicates he understood his rights, he was allowed to speak several times, ask any questions that he so desired, confer with his attorney, this ... court believes and still believes it is a free, knowing and intelligent and voluntary waiver of those rights." (R. at pp. 349-50). We find that the district court judge placed undue emphasis on Calhoun's waiver of his Boykin rights, as other factors also have a bearing on the validity of a plea. E.g., State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982). Further, we find, for the reasons detailed below, that, given the "totality of the circumstances" under which the pleas were made, the district court judge abused her discretion in denying the motion.

*913 Sex Offender Notification Requirements

At the hearing on the motion, the judge explained that she did not advise Calhoun, either in writing or in the guilty plea colloquy, of the provisions of the sex offender registration laws at the guilty plea stage because she did not "believe" in the use of guilty plea forms. She had planned to notify Calhoun of the sex offender registration requirements at the sentencing stage. This decision to delay notification is contrary to the statutory requirements.
LSA-RS 15:543(A), entitled "Offender notification," provides as follows:

The court shall provide written notification to any defendant charged with a sex offense of the registration requirements of R.S. 15:542. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant.
LA.REV.STAT.ANN. § 15:543(A) (West Supp. 1997) (emphasis added). Thus, LSA-RS 15:543(A) expressly directs the district court to provide written notice to any defendant who is "charged with"not "convicted of a sex offense. The use of the words "charged with" was not accidental. The purposeful use of these words reflects a legislative acknowledgment of the severity of the registration provisionsprovisions that essentially place a modern-day scarlet letter upon convicted sex offenders. For that reason, the Legislature enacted detailed notification provisions to ensure that any defendant who might be subjected to these severe registration provisions be fully informed of the possibility early on in the processideally, when "charged," but at the very least, prior to the defendant's entering a guilty plea.
We also note that LSA-RS 15:543(A) requires that written notification of the registration requirements appear "on any guilty plea forms." This additional mandate also reflects the Legislature's intent to ensure that a defendant be forewarned of the registration requirements, especially before a defendant enters his plea.
In the instant case, despite the directive in LSA-RS 15:543(A), the district court judge failed to provide Calhoun any notice, written or otherwise, of the registration requirements prior to accepting his guilty plea. In our view, notice after a guilty plea has been entered and accepted by the court amounts to untimely notice under the statute, especially since the defendant has no absolute right at the district court level to withdraw a previously entered plea of guilty under L.C.Cr.P. article 559.
The court of appeal, in addressing the district court's failure to comply with the statutory sex offender notification requirements, made much ado about Calhoun's failure expressly to state in his written motion or at the hearing that had he been informed of the registration requirements, he would not have pled guilty. The court of appeal, however, overlooks the fact that the motion to withdraw the guilty pleas was filed pro se in conjunction with another pro se motion to terminate counsel. Both of these motions were considered at a single hearing where Calhoun appeared without counsel. In this hearing, Calhoun explained that his guilty plea was not an informed one, as both his counsel at the time that the plea was entered and the court failed to inform him of the registration requirements. Calhoun testified, in part, as follows:
No one had explained to me that I was subject to the sex offender registration laws when I entered my pleas of guilty, no one, not even this court. According to the Louisiana Criminal Code 15.543, I was supposed to be provided with information at the time of my guilty plea.... I received no such notification of the sex offender registration law. It is my understanding that I have a constitutional right to an informed plea.... As I pointed out before, my attorney openly admitted to this court that he was not prepared to go to trial and had not done the necessary things to build a defense. Because of his lack of preparation, I firmly believe that my attorney was not in a capcapacity to plea bargain in my behalf nor was he prepared to advise me as to what I should do, especially in the sex offender law he did not tell me about. I also submit that I received no written or oral notification of being subject to the sex offender registration laws which *914 is mandated by theby the laws of the State of Louisiana. I tell the court that my plea was not an informed plea by choice, and I ask the court to allow me to withdraw my pleas.

(R. at 342-43) (emphasis added).
Calhoun, at the least, implicitly stated that he would not have pled guilty had he been informed of the registration requirements. Perhaps it would have been wiser for him to expressly state that, but, as noted above, Calhoun was without counsel at this hearing. Moreover, we note that this Court has never required that such a statement be made before a guilty plea might be withdrawn on grounds that it was not knowingly and voluntarily entered.
We conclude, therefore, that the district court judge's failure to advise Calhoun of the registration requirements before accepting his guilty plea is a factor that undercuts the voluntariness of that plea.[6]

Ineffective Assistance of Counsel
When we granted the writ in the instant case, we limited argument to the consideration of the voluntariness of the guilty plea. However, Calhoun argued, in part, that the voluntariness of his plea, in addition to the above, was also undercut by his counsel's ineffective assistance. "When a defendant enters a counseled plea of guilty, this court will review the quality of counsel's representation in deciding whether the plea should be set aside." State v. Beatty, 391 So.2d 828, 831 (La.1980).
Generally, claims of ineffective assistance of counsel are relegated to post-conviction proceedings. E.g., State v. Burkhalter, 428 So.2d 449, 456 (1983). However, where the claim is raised as an assignment of error on direct review and where the record on appeal is adequate to resolve the matter, the claims should be addressed in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528, 530 (La.1982). In the instant case, defendant's claim as to ineffective assistance of counsel is limited to a discrete eventcounsel's advising defendant that it would be in his "best interest" to plead guilty. As to this discrete event, the record contains sufficient information for this Court to address the claim.
In particular, the record reveals that on August 2, 1994, the day before Calhoun pled guilty, his then-counsel, Steven Young, filed a motion to be relieved as counsel or, alternatively, for a continuance of the trial, which had been set for August 8, 1994. In support of the motion, Young made specific references to his lack of preparedness, including his failure to compile necessary evidence, his failure to determine what evidence the State planned to use against the defendant, and his failure to interview material witnesses. Young also explained that he was not "enthused" about representing Calhoun because Young had received less than three-fifths (3/5) of his negotiated $5,000.00 fee. In addition, Young informed the court that his desire to withdraw from representation was "far greater" than his desire for a continuance and espoused his belief that withdrawal from representation was in Calhoun's "best interest." In closing, on the motion for continuance, Young stated, "The State is not being blamed for counsel for defendant's unpreparedness. He just blew it!" (R. at p. 178).
Yet, notwithstanding this candid disclosure to the court of his lack of preparation in the case on August 2, 1994, on the very next day, Young counseled Calhoun to enter "best interest" guilty pleas to the charges of Molestation of a Juvenile and Pornography Involving Juveniles. Calhoun, at the hearing on his motion to withdraw the pleas, testified that he entered the pleas, even though he believed himself to be innocent of the charges, *915 because Young told him that "there was no hope for [him] at trial."
In Beatty, we characterized the counsel's role at the guilty plea stage as being "absolutely critical in assuring that the defendant is able to weigh his options intelligently." 391 So.2d at 831. In the instant case, we fail to see how the defendant, in deciding whether to plead guilty, could "weigh his options intelligently" under circumstances in which his own attorneyjust one day earlieressentially conceded to the court that he was ill-prepared to even assess the quality of the State's case or his client's defense(s). Young had, in effect, abandoned the case by failing to prepare for trial or, for that matter, to conduct the most basic investigation. In light of Young's actions, we cannot conclude that his representation of Calhoun at this critical stage was within the range of competence demanded of attorneys in criminal cases.

"Best Interest" Pleas
Next, we examine the nature of Calhoun's guilty pleas, the so-called "best interest" plea. In the instant case, the record bears out that Calhoun was unwilling to admit his guilt to the offenses charged. At the Boykin hearing, his then attorney informed the court that "Calhoun ha[d] expressed concerns to [him] about each and every fact presented by the district attorney." (R. at 295). The district court judge then questioned Calhoun, as follows: "Even though you don't agree with all the facts, you believe that it's in your best interest to go ahead and enter this guilty plea even though you don't agree with all the facts. Is that correct?" Calhoun replied, "That is correct." (R. at 296). At that point, the judge accepted the "best interest" pleas.
The "best interest" or Alford plea, which derives from the U.S. Supreme Court case, North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), is one in which the defendant pleads guilty while maintaining his innocence. In that case, the United States Supreme Court ruled that a defendant may plead guilty, without foregoing his protestations of innocence, if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant[,] ... especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." Id. at 31, 91 S.Ct. at 164.
For the reasons discussed above, we conclude that Calhoun's "best interest" pleas did not represent "an intelligent choice among the alternative courses of action open to defendant." Although Calhoun was aware that he could plead "not guilty" to the charges, he was not properly advised of the likely outcome of a trial by an attorney who was well-versed in his case. Based upon the content of Young's motion to terminate counsel, it is reasonable to conclude that Calhoun's attorney had not thoroughly investigated the possible defenses that Calhoun may have had to the charges at the time that he advised Calhoun to plead guilty. Therefore, Calhoun's decision to forego a trial based upon his attorney's assessment that there was "no hope" for Calhoun at trial cannot be characterized as "an intelligent choice."

CONCLUSION
In summary, we find that a number of factors combined to undercut the voluntariness of Calhoun's plea: (1) the failure of the trial court to notify defendant of the sex offender registration requirements at the guilty plea stage, (2) the lack of preparedness of defendant's then-counsel when he advised Calhoun that it was in his "best interest" to plead guilty, and (3) the fact that the defendant steadfastly maintained his innocence, which supports defendant's contention that he pled guilty only because his attorney told him that there were no possible defenses to the charges.
In light of the totality of the circumstances under which Calhoun pled guilty to the Molestation of a Juvenile charge, we find that the district court judge abused her discretion in denying Calhoun's motion to withdraw the plea. For the reasons given hereinabove, we reverse the court of appeal. Calhoun's motion to withdraw the guilty plea as to the Molestation of a Juvenile charge is granted.
*916 The case is remanded to the district court for further proceedings.[7]
REVERSED AND REMANDED.
KIMBALL, J., not on panel. Rule IV, Part 2, § 3.
KNOLL, J., dissents and assigns reasons. I further dissent for the reasons assigned by Justice Traylor.
TRAYLOR, J., dissents and assigns reasons. I further dissent for the reasons assigned by Justice Knoll.
TRAYLOR, Justice, dissenting.
We granted certiorari in this case to determine whether Robert Calhoun, the defendant, was entitled to withdraw his plea of guilty to La R.S. 14:81.2, molestation of a juvenile, where the trial court failed to advise Calhoun at the time of his plea of the registration requirements of La.R.S. 15:540-549. I believe the First Circuit Court of Appeal properly affirmed Calhoun's conviction and sentence. Further, I believe the trial court's failure, although contrary to the statutory requirements, did not invalidate or diminish the voluntariness of the defendant's waiver of rights and subsequent plea, and was therefore harmless error. Recognizing that a trial court must timely inform a defendant of the registration and notification requirements under the sex offender statute, in the absence of that notice we should not automatically permit a guilty plea to be withdrawn. In the instant case, Calhoun did not specifically assert, brief or orally argue that he would not have pled guilty had he been informed of the requirements. Moreover, Calhoun swore under oath that he fully understood his rights and the nature and benefits of his plea bargain. Therefore, I believe that this factual situation amounts to harmless error and thus does not warrant withdrawal of Calhoun's plea. We should not expand the Boykin requirements for an informed plea to include statutory requirements. Here, Calhoun, pursuant to a mutually agreed upon plea bargain, avoided having certain evidence presented against him at trial, received less than the minimum sentence, was afforded concurrent not consecutive sentences and benefitted from the dismissal of the sexual battery charge. La.C.Cr.P. art. 881.2(A)(2) states as follows:
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
As evidenced by this article, the legislature and This Court clearly defer to the finality of a plea voluntarily given by a defendant. Both the state and Calhoun benefitted from this agreement. The remedy of withdrawal of a guilty plea before sentencing is authorized by La.C.Cr.P. article 559 and not to be dispensed frivolously. I maintain "[a] guilty plea is a conviction and, therefore, should be afforded a great measure of finality." State v. Thornton, 521 So.2d 598, 600 (La.App. 1st Cir.), writ denied, 530 So.2d 85 (La.1988). Accordingly, I respectfully dissent.
KNOLL, Justice, dissenting.
For the majority to find reversible error in not advising the defendant of the sex offender registration laws before the defendant entered his guilty plea, the majority elevates this notice requirement to the level of a violation of defendant's constitutional rights under Boykin. This is clear error based upon an erroneous interpretation of the legislative intent by the majority. It is clear that the legislature intended notice to the defendant in La.R.S. 15:543(A) so the defendant can comply with the registration requirement. This statute is one of the few statutes where the legislature clearly expressed its intent in La.R.S. 15:540. For overriding public policy considerations regarding sex offenders, I find it significant that the legislature found sex offenders to "have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government." The legislature clearly stated that the purpose of sex offender registration was to protect the general public and to assist law enforcement agencies' *917 efforts to protect their communities. The notice requirement shall be given to defendants when charged, when released from prison, when moving to Louisiana, and when renewing their driver's license. Clearly the legislative intent was to give a defendant notice to insure his compliance under the registration requirements rather than to assist or forewarn him in making an informed plea of guilty. The majority goes awry by finding reversible error in failure to inform defendant of the registration requirements before he enters a plea.
The failure to inform a defendant of the registration requirements on a "guilty plea form" is not error. The use of "guilty plea forms" is not mandatory in Louisiana, and the judge in the instant case, like many of our district judges, chose not use them. In effect, the majority opinion impliedly requires all courts to use guilty plea forms when accepting a plea from sex offenders.
Reversible error is a harsh remedy and has heretofore been reserved for serious and irreversible constitutional violations that abridge the free, knowing, and intelligent waiver of a defendant's rights. The alleged violation of La.R.S. 15:543 does not affect these rights, and does not merit reversible error. The registration requirement for sex offenders forms no part of the constitutional safeguards that flow to a defendant in determining a voluntary and intelligent waiver of a defendant's rights before he enters a plea. The failure to inform affects the public safety, not whether the defendant entered his plea voluntarily or intelligently. The defendant may not want to comply with these "scarlet letter" requirements, but then he probably does not want to be locked up in a prison with steel bars either. It has no bearing on the voluntariness of his plea. This defendant would have had to register regardless of the severity of the charge to which he pled. Since the registration provision was mandatory for all sex offenses, it forms no part of a defendant's voluntary plea consideration. He was given notice of the registration requirements for sex offenders by the sentencing court when sentence was imposed. I do not find this notification after the plea an error.
Throughout these proceedings, the defendant has never stated that he would have changed his plea had he been informed of the registration requirement. Defendant did not show that he has been prejudiced by the court's failure to inform him of this requirement before he entered his plea. Furthermore, the defendant's general allegations of his counsel's incompetence are suspect considering the excellent plea bargain his counsel negotiated.
In sum, the majority makes two erroneous conclusions: first, that it is error to give defendant the notice requirements after he enters his guilty plea; and secondly, an untimely offender notification is a factor to consider in setting a defendant's plea aside. In my view the majority's conclusions pervert the statute's intended purpose. La.R.S. 15:543 was never intended to afford an additional constitutional safeguard to defendants charged with sex offenses. For the foregoing reasons, I respectfully dissent.
NOTES
[1] On the same date, the same grand jury returned a separate bill of indictment against Calhoun, charging him with Pornography Involving Juveniles, a violation of LSA-RS 14:81. Calhoun entered a "best interest" plea on this charge and was thereafter sentenced to ten-years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. This matter was the subject of a separate appeal and forms no part of the instant case.
[2] See supra note 1.
[3] In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court stated that the validity of a guilty plea turns on whether the defendant was informed of the rights he waived and whether his decision to waive his rights by pleading guilty was knowing and voluntary. Under Boykin, before a defendant's guilty plea may be accepted, the defendant must be informed of three rights: (1) the right to trial by jury, (2) the right to confront accusers, and (3) the privilege against self incrimination. The defendant must then make a knowing and voluntary waiver of these rights. In the instant case, the defendant's waiver of the Boykin triad of rights is not at issue.
[4] See supra note 3.
[5] This six-year sentence was to run concurrently with the ten-year sentence that Calhoun received for Pornography Involving Juveniles.
[6] Today, we conclude only that the district court's failure to timely notify a defendant of the registration requirements is a factor that can undercut the voluntary nature of a guilty plea. In the instant case, we reverse the lower courts' rulings in light of the "totality of the circumstances" under which Calhoun's pleas were madecircumstances that include the district court's failure to notify him of the registration requirements prior to accepting his plea and other factors, detailed below. We express no opinion as to whether the failure to timely notify a defendant of the registration requirements alone would require a district court to permit a guilty plea to be withdrawn.
[7] We note that the terms of the plea bargain agreement to which Calhoun and the prosecution agreed called for the dismissal of the Sexual Battery charge in exchange for Calhoun's pleading guilty to the Molestation of a Juvenile charge and the unrelated Pornography Involving Juveniles charge. Because Calhoun is being allowed to withdraw his plea to the Molestation of a Juvenile charge, the plea bargain agreement is no longer binding. Thus, the State is at liberty to revive the charge of Sexual Battery against the defendant.