11 ARMSTRONG, Judge.
The defendant, Charles Griffin, in this case entered a guilty plea to bigamy and received a suspended sentence and probation. The trial court subsequently granted the defendant’s petition to be relieved of any duty to register as a sex offender. The State filed this writ application alleging that the trial court erred when it did so, specifically because the defendant did not present any evidence at a hearing.
La. R.S. 15:542 requires any person convicted of any sex offense to register with the sheriff of the parish in which he resides or, in parishes with populations in excess of four hundred fifty thousand, with the police department of the municipality. The statute also requires notice to neighbors, school officials, and certain other persons. La. R.S. 15:542(E) defines sex offense to include any conviction for any provision of Subpart B of Part IV of Title 14 of the Revised Statutes and thus includes a conviction for bigamy, a violation of La. R.S. 14:76.
La. R.S. 15:544, subd. B allows a defendant having a duty to register and give notice under La. R.S. 15:542 to petition the court in which the defendant was convicted to be relieved of the registration and notification requirements. The statute provides in pertinent part:
laThe court shall consider the nature of the sex offense committed and the crimi *513 nal and relevant noncriminal behavior of the petitioner, both before and after conviction, and may consider other factors. The court may relieve the petitioner of the duty to register and give notice only if the petitioner shows, with clear and convincing evidence, that future registration of the petitioner will not serve the purposes of this Chapter.
In his petition, the defendant averred that the trial court had already waived the notice requirements of La. R.S. 15:542, that the defendant was not informed prior to his guilty plea that he would be required to register, that La. R.S. 15:543, subd. A[1] requires that such notice be given in writing on the guilty plea form, and that the crime of bigamy does not pose the same problems to society and law enforcement as other sex offenses, and thus registration would not serve the purposes of La. R.S. 15:540 et seq.
A review of the July 23, 1999 transcript reflects that the matter was called for a hearing, but the special prosecutor assigned to the case was not present. The assistant district attorney who was present informed the trial court that the defendant’s motion was opposed. The trial court stated that the special prosecutor was required to appear on time just as any defense attorney is, and the court proceeded with the hearing.
As the State contends in its writ application, the defense counsel did not actually call any witnesses. Instead, he informed the court that the defendant had not been advised of the registration requirements at the time of his plea and |3therefore did not believe that registration could be required. However, in an abundance of caution, counsel had filed the petition. The trial court then explained to all present that it was totally unaware of any requirement of registration in a bigamy case of which, to the court’s knowledge, none had been han-died in the district court in the last twenty-five years (Id.). The court then stated it would sign the defense order, noting that it ■ believed the registration requirement must be waived or the defendant could withdraw his guilty plea because he had not been informed of the registration requirements.
After the assistant district attorney who was present objected for the record, the trial court explained the background of the case to him:
There were no children born of any union. There was no problem of that sort. He is (sic) subsequently divorced from a lady in Mississippi he originally was married to, and there was obviously no marriage as to the second supposed union. So - and the gentleman came right in and pled guilty.
The special prosecutor subsequently arrived in court and was allowed to file a written opposition to the petition to waive the registration requirements and to give notice of intent to seek writs. The court noted that the result could be the withdrawal of the defendant’s guilty plea because the defendant could not have entered a knowing and voluntary guilty plea as he had not been advised of the registration requirements. The prosecutor disputed that, citing State v. Calhoun, 96-0786 (La.5/20/97), 694 So.2d 909, in which the Louisiana Supreme Court held that the failure to provide notice under that statute is a factor, but not the only factor, to consider in determining whether a guilty plea has been voluntarily entered. The court reiterated that it was totally unaware of the registration requirement for a bigamist and would allow the plea to be withdrawn if the State 14prevailed with its writ application.[2] Interestingly, the prosecutor twice informed the trial court that he was attempting to resolve the entire matter with defense counsel. It is unclear *514 from the transcript whether the defense counsel was still present during this colloquy between the special prosecutor and the trial court; however, if he was present he made no statements.
In the defendant’s response to the writ application, he argues that registration cannot be required because he was not advised of the requirement prior to his guilty plea. We can find no statutory or case law which mandates that the registration requirement be waived because the defendant was not advised prior to his guilty plea. In Calhoun, the failure to advise the defendant prior to his plea was a factor to considered in allowing him to withdraw his plea. The trial court in this case recognized that, if the defendant were required to register, the plea would be withdrawn if the defendant asked to do so. The defendant has a remedy for the failure of the trial court to notify him of the registration requirement.
The real issue in this case is whether the trial court abused its discretion when it granted the defendant’s petition to have the registration requirement waived. In his response, as an alternative, the defendant argues that a “hearing” was held; there simply was no testimony. The defendant argues that evidence can take forms other than testimony and did so in this case.
We find that the trial court did not abuse its discretion and that the hearing was sufficient. The trial court’s comments indicate that the court was familiar with the defendant’s history. The court noted that the defendant had obtained a divorce in Mississippi and that he had accepted responsibility for his actions by quickly | ¡¡entering a plea. The court further noted that bigamy was a rarely prosecuted crime, implying that any registration requirement would serve no governmental interest considering the rarity with which the offense was ever prosecuted.
Under La. R.S. 15:544(B), the nature of the sex offense committed and the criminal and relevant noncriminal behavior of the defendant are the named factors which the court should consider, although others may also be considered. The trial court clearly also considered the fact that the defendant was never advised prior to his plea that he would have to register. It is abundantly clear that the trial court did not advise the defendant because it never occurred to the court that the crime of bigamy was a “sex offense” in the sense that the term is generally used; the nature of the sex offense is a factor under La. R.S. 15:544, subd. B. Furthermore, because the statute permits the court to consider other factors, a legitimate factor for the court to consider may also be judicial efficiency, i.e., the fact that refusing to waive the registration requirement would result in the withdrawal of the defendant’s guilty plea, a trial, possible conviction, sentencing, appeal, all for an offense which in no way is a typical sex crime.
For the foregoing reasons, we affirm the judgment of the trial court.

AFFIRMED.

. La. R.S. 15:543, subd. A states:
The court shall provide written notification to any defendant charged with a sex offense of the registration requirements of R.S. 15:542. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant.

. The court did inquire if the prosecutor was aware of the requirement; he stated that he *514 knew bigamy was a "sex offense” but was not thinking about any notice requirement.