753 So.2d 921 (2000)
STATE of Louisiana
v.
Stanley J. MYERS.
No. 98-KA-1213.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 2000.
*922 Harry F. Connick, District Attorney, Charles E.F. Heuer, Assistant District Attorney, New Orleans, Louisiana, Attorneys for State of Louisiana.
Donald Ray Pryor, New Orleans, Louisiana, Attorney for Stanley J. Myers.
Court composed of Judge WILLIAM H. BYRNES, III, Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, Sr.
JONES, Judge.
Defendant/appellant, Stanley Myers, was charged on December 23, 1993, with molestation of a juvenile, a violation of La. R.S. 14:81.2. On May 12, 1994, Myers withdrew his former plea of not guilty and entered a plea of guilty as charged, and was sentenced to five years at hard labor, with credit for time served. On May 23, 1996, Myers filed a motion for post conviction relief. On June 26, 1996[1], Myers filed a petition to be relieved of the duty to comply with the sexual offender registration requirements.
On August 30, 1996, Myers withdrew his motion for post conviction relief. Following a hearing on the same date, the trial court denied his petition for relief from the registration requirements of La. R.S. 15:540, et seq. Myers entered his objection in the record and notified the trial court of his intention to seek writs. The trial court set the return date for September 30, 1996. On September 25, 1996, the trial court granted his motion for appeal, and on December 20, 1996, Myers withdrew his motion for appeal. On July 31, 1997, he filed a motion for an out-of-time appeal, which was granted.

PROCEDURAL ERROR
Myers' appeal in this Court involves an interlocutory judgment, which is not appealable absent a showing of irreparable harm. See LSA-C.C.P. arts. 1841 and 2083; see also LSA-C.Cr.P. art. 912(A). Considering that Myers has not shown that he has or will suffer irreparable harm from the trial court's denial of his petition, we have converted the appeal into an application for supervisory writs, and will consider the merits accordingly.

FACTS
Myers was charged with and pleaded guilty to placing his fingers inside the vagina of six-year-old female using his influence gained by virtue of a position of control or supervision over the child. Myers had a prior conviction for child *923 abuse of a non-sexual nature, involving the fraternal twin brother of the victim in the instant case.

ERRORS PATENT
A review of the record reveals no errors patent.

ASSIGNMENT OF ERROR
In his sole assignment of error, Myers claims the trial court erred in denying his motion to be relieved of the sex offender registration requirements of La. R.S. 15:540, et seq.
La. R.S. 15:540, et seq., provides for the registration of sex offenders, sexually violent predators, and child predators.[2] At the time of his 1993 arrest and 1994 conviction, La. R.S. 15:542 provided that sex offenders register as follows:
A. Any adult residing in this state who has pled guilty or has been convicted of any sex offense shall register with the sheriff of the parish of the person's residence.
B. The person shall, within forty-five days of establishing residence in Louisiana, or if a current resident, within thirty days after conviction or release from confinement, whichever occurs later, provide the sheriff with the following information: his name, address, and place of employment; crime for which he was convicted; the date and place of such conviction; any aliases used by the person; and the person's social security number.

C. If any person required to register pursuant to this Section changes his residence address within the same parish, the person shall send written notice of the change of address to the sheriff within ten days of establishing the new residence. If any person required to register pursuant to this Section moves to a new parish, the person shall register with the sheriff in the new parish within ten days of establishing the new residence. The person shall also send written notice within ten days after the change of address in the new parish, to the sheriff with whom the person last registered.
D. The sheriff shall obtain a photograph of the person and shall obtain a copy of the person's fingerprints.
E. "Sex offense" for the purpose of this Chapter means a violation of any provision of Subpart C of Part II, Subpart B of Part IV, or Subpart A(1) or A(4) of Part V, of Chapter I of Title 14 of the Louisiana Revised Statutes of 1950, committed on or after June 18, 1992, or committed prior to June 18, 1992 if the person, as a result of the offense, is under the custody of the Department of Public Safety and Corrections on or after June 18, 1992. A conviction for any offense provided in this definition includes a conviction for the offense under the laws of another state which is equivalent to an offense provided for in this Chapter.
F. (1) A person who fails to register as required by this Section shall, upon first conviction, be fined not more than one thousand dollars or imprisoned for not more than one year, or both.
(2) Upon second or subsequent convictions, whoever fails to register as required by this Section shall be sentenced to imprisonment for not more than three years without benefit of parole, probation, or suspension of sentence.
(Emphasis added). LSA-R.S. 15:542 A, B C, D, and E were amended and reenacted by Acts 1995, No. 928, § 1, and Subpart (E) was again amended that same legislative session by Acts 1995, No. 1290, § 2, to provide for a more comprehensive *924 registration and notification scheme. The amended and reenacted version of La. R.S. 15:542 was in effect at the time of the August 30, 1996 hearing on Myers' petition motion to be relieved of the duty to comply with the registration requirements, and provided:
A. Any adult residing in this state who has pled guilty or has been convicted of any sex offense shall register with the sheriff of the parish of the person's residence. If the adult resides in a parish with a population in excess of four hundred fifty thousand, he shall register with the police department of his municipality of residence.
B. The person shall, within forty-five days of establishing residence in Louisiana, or if a current resident, within thirty days after conviction or release from confinement, whichever occurs later, provide the sheriff or, if required under Paragraph A, the police department with the following information: his name, address, and place of employment; crime for which he was convicted; the date and place of such conviction; any aliases used by the person; and the person's social security number. The person shall also:
(1) Give notice of the crime for which he was convicted, his name, and address to:
(a) At least one person in every residence or business within a one mile radius in a rural area and a three square block area in an urban or suburban area of the address where the defendant will reside upon release.
(b) The superintendent of the school district where the defendant will reside, who shall notify the principal of every school the superintendent thinks should be notified of the defendant's name, address, and the crime for which he was convicted.
(2) Give notice of the crime for which he was convicted, his name, and his address by mail to all people residing within the designated area within thirty days of the sentencing or within thirty days of setting up residency in the locale where the offender plans to have his domicile, and that the notice shall be published on two separate days within this thirty-day period, without cost to the state, in the official journal of the governing authority of the parish where the defendant plans to reside.
(3) The court in which the defendant was convicted of the offense that subjects him to the duty to register may order any other form of notice which it deems appropriate, including but not limited to signs, handbills, bumper stickers, or clothing labeled to that effect.
(4) State under oath where he will reside after sentencing or release.
C. If any person required to register pursuant to this Section changes his residence address within the same parish, the person shall send written notice of the change of address to the sheriff or, if required under Paragraph A, the police department, within ten days of establishing the new residence. If any person required to register pursuant to this Section moves to a new parish, the person shall register with the sheriff or, if required under Paragraph A, the police department, in the new parish within ten days of establishing the new residence. The person shall also send written notice within ten days after the change of address in the new parish, to the sheriff or, if required under Paragraph A, the police department with whom the person last registered.
D. The sheriff or police department shall obtain a photograph of the person and shall obtain a copy of the person's fingerprints.
E. "Sex offense" for the purpose of this Chapter means conviction for the perpetration or attempted perpetration of any provision of R.S. 14:92(A)(7), of Subpart C of Part II, Subpart B of Part IV, or Subpart A(1) or A(4) of Part V, of Chapter 1 of Title 14 of the Louisiana Revised Statutes of 1950, committed on *925 or after June 18, 1992, or committed prior to June 18, 1992 if the person, as a result of the offense, is under the custody of the Department of Public Safety and Corrections on or after June 18, 1992. A conviction for any offense provided in this definition includes a conviction for the offense under the laws of another state which is equivalent to an offense provided for in this Chapter.
Changes were made to La. R.S. 15:542 by Acts 1997, No. 134, § 2; Acts 197, No. 137, § 2; Acts 1997, No. 928, § 1, eff. July 10, 1997; Acts 1997, No. 1135, § 1, eff. July 14, 1997; and Acts 1997, No. 1148, § 2, eff. July 14, 1997, but the essential registration and notification requirements of a defendant remain the same.
LSA-R.S. 15:544 B, as amended by Acts 1995, No. 928, § 1, which is essentially the same as at the time of Myers' 1993 arrest and 1994 conviction, allows a defendant who has to register and give notice under La. R.S. 15:542 to petition the court in the parish where he was convicted to be relieved of the registration and notification requirements. The statute provides in pertinent part:
The court shall consider the nature of the sex offense committed and the criminal and relevant noncriminal behavior of the petitioner, both before and after conviction, and may consider other factors. The court may relieve the petitioner of the duty to register and give notice only if the petitioner shows, with clear and convincing evidence, that future registration of the petitioner will not serve the purposes of this Chapter.
The only issue before the trial court was whether Myers should have been relieved of the registration and notification requirements of La. R.S. 15:542. He did not testify at the hearing on the petition. Meyer's parole officer, La. Dept. of Corrections, Probation and Parole Agent Lee Hubbard, testified that to his knowledge, Myers did not have any previous convictions involving sexual activity. However, Agent Hubbard testified that Myers was on probation for a conviction for cruelty to a juvenile, and that Myers had just begun working as a tack welder at a local shipyard.
During argument, defense counsel admitted that Myers had no objection to complying with any provision requiring registration with or notification to any law enforcement agency. The trial court denied Myers' petition for relief and ordered him to comply with specific registration and notification requirements. The requirements cited by the court were those contained in La. R.S. 15:542, as amended in 1995.
The public policy behind the registration and notification requirements is set forth in La. R.S. 15:540, which states:
A. The legislature finds that sex offenders, sexually violent predators, and child predators often pose a high risk of engaging in sex offenses, and crimes against victims who are minors even after being released from incarceration or commitment and that protection of the public from sex offenders, sexually violent predators, and child predators is of paramount governmental interest. The legislature further finds that local law enforcement officers' efforts to protect their communities, conduct investigations, and quickly apprehend offenders who commit sex offenses and crimes against victims who are minors, are impaired by the lack of information available to law enforcement agencies about convicted sex offenders, sexually violent predators, and child predators who live within the agency's jurisdiction, and the penal and mental health components of our justice system are largely hidden from public view and that lack of information from either may result in failure of both systems to meet this paramount concern of public safety. Restrictive confidentiality and liability laws governing the release of information about sex offenders, sexually violent predators, and child predators have reduced willingness *926 to release information that could be appropriately released under the public disclosure laws, and have increased risks to public safety. Persons found to have committed a sex offense or a crime against a victim who is a minor have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government. Release of information about sex offenders, sexually violent predators, and child predators to public agencies, and under limited circumstances to the general public, will further the governmental interests of public safety and public scrutiny of the criminal and mental health systems so long as the information released is rationally related to the furtherance of those goals.
B. Therefore, this state's policy is to assist local law enforcement agencies' efforts to protect their communities by requiring sex offenders, sexually violent predators, and child predators to register with state and local law enforcement agencies and to require the exchange of relevant information about sex offenders, sexually violent predators, and child predators among state, local, and federal public agencies and officials and to authorize the release of necessary and relevant information about sex offenders, sexually violent predators, and child predators to members of the general public as provided in this Chapter.[3]
In light of the strong public policy statement of La. R.S. 15:540, it cannot be said that Myers proved by clear and convincing evidence that his future registration in accordance with La. R.S. 15:542 would not serve the purposes of the sex offender registration statutory scheme. Accordingly, the judgment of the trial court denying his petition to be relieved of the duty to register and give notice was not an abuse of discretion.
In his brief on appeal, Myers frames his assignment of error to suggest that the trial court erred in failing to relieve him of the registration requirements. He argues that the trial court did not inform him of the statutory requirements prior to the entering of his guilty plea as required by La. R.S. 15:543 A. The statute provides:
A. The court shall provide written notification to any defendant charged with a sex offense of the registration requirements of R.S. 15:542. Such notice shall be included on any guilty plea forms and judgments and sentence forms provided to the defendant.
The failure of the trial court to notify a defendant of the sex offender registration requirements before accepting a guilty plea "is a factor that undercuts the voluntariness of that plea." State v. Calhoun, 96-0786, p. 9 (La.5/20/97), 694 So.2d 909, 914.
However, the issue of whether Meyer's guilty plea was voluntary was not before the trial court. Nevertheless, it is well settled that a trial court may permit the withdrawal of a guilty plea after sentencing when it finds that the guilty plea was not entered into voluntarily. State v. Lewis, 421 So.2d 224, 225 (La.1982); State v. King, 93-2146, p. 2 (La.App. 4 Cir. 6/30/94), 639 So.2d 1231, 1233[4]. Because Myers argues that his guilty plea was not voluntary because he was not informed of the sex offender registration requirements, we remand this matter to the trial court to allow Myers the opportunity to formally withdraw his guilty plea.
Myers argued that only the amended portion of LSA-R.S. 15:542 should be applicable *927 in the instant case. At the time of his arrest and conviction, Myers argued that the statute only required that he register with the local sheriff, whereas the current notification scheme requires a defendant to give notice to his neighbors and the district school superintendent. Moreover, in his application for post-conviction relief, Myers claimed that the punishment imposed on him and the conditions of his parole were constitutionally excessive and a violation of his due process rights. In the "facts" portion of his application, Myers stated: "The laws being applied to me by the Department [of Corrections, Probation and Parole] were changed after my conviction." However, defense counsel withdrew Myers' motion for post conviction relief at the hearing on his petition to be relieved from the registration requirements. Therefore, the issue regarding the applicability of the sex offenders' registration statute is not before this Court, and will not be consider in our decree. See La.C.Cr.P. art. 920.

DECREE
For the foregoing reasons, we convert this appeal to an application for supervisory writs, and affirm the judgment of the trial court denying Myers' petition to be relieved of the duty to comply with the registration requirements pursuant to LSA-R.S. 15:542. Further, we remand this matter to the trial court to allow Myers to formally request that he be allowed to withdraw his guilty plea.
APPEAL CONVERTED TO SUPERVISORY WRIT; WRIT GRANTED; RELIEF DENIED AND REMANDED
BYRNES, J., CONCURS IN PART AND DISSENTS IN PART:
BYRNES, J., concurring in part and dissenting in part.
I concur with the majority's affirmance of the trial court's judgment that denied Myers' petition to be relieved of the duty to comply with the registration requirements pursuant to La.R.S. 15:542. However, I respectfully dissent in part as I would not remand the case to allow Myers to withdraw his guilty plea.
The failure of the trial court to notify a defendant of the sex offender registration requirements before accepting his guilty plea is one of several factors that are to be considered in determining the voluntariness of that plea. State v. Calhoun, 96-0786, p. 9 (La.5/20/97), 694 So.2d 909. In that case, the Louisiana Supreme Court found that under the totality of circumstances:
a number of factors combined to undercut the voluntariness of Calhoun's plea: (1) the failure of the trial court to notify defendant of the sex offender registration requirements at the guilty plea stage, (2) the lack of preparedness of defendant's then-counsel when he advised Calhoun that it was in his "best interest" to plead guilty, and (3) the fact that the defendant steadfastly maintained his innocence, which supports defendant's contention that he pled guilty only because his attorney told him that there were no possible defenses to the charges. [Emphasis added.]
Id. at 915.
In the present case, the issue of whether the defendant's guilty plea was voluntarily entered was before the trial court. In State v. Calhoun, supra, the Louisiana Supreme Court did not delete the registration requirements. The Supreme Court found that the trial judge abused its discretion in denying Calhoun's motion to withdraw his guilty plea under the totality of circumstances.
In the present case the trial court properly advised Myers of his Boykin rights. The trial court noted that: "If you were charged in the future as a felon and convicted of any felony in the future, it's possible that the District Attorney then could charge you as a repeat or multiple offender and, thereby, force the Court normally to have to give you a jail term that couldn't be suspended and would have to *928 be served without benefit of good time [emphasis added]." The defendant could be multiple billed if he were found guilty of another crime in the future; however, at the time of sentencing the State agreed not to multiple bill the defendant (based on this crime and the prior crime of cruelty to a juvenile) in return for his guilty plea. The trial court stated that: "it's my understanding that the State will not file any multiple bill against you and that your sentence will be a five-year sentence in the custody of the Department of Corrections." According to the guilty plea form, it is written that: "The State agrees not to file a multiple bill" and the sentence would be "5 years DOC." The trial court agreed that on Myers' prior offense, if the other trial court revoked his probation (with respect to the previous offense of cruelty to a juvenile), Judge Wardron would not object to a concurrent sentence. If Myers were found guilty after a trial and he would have been found to be a multiple offender, he could have been sentenced to a much greater length of time. The trial court advised Myers that: "Had you been charged as a repeat offender, the sentencing range would have been at least 7 ½ to 30 years." Because the defendant was not multiple billed, he could be eligible for good time as determined by the Department of Corrections. Myers benefited from pleading guilty because he did not have to face the possibility of a greater sentence as a multiple offender.
Myers did not provide additional reasons why his guilty plea was not voluntary as provided in State v. Calhoun, id. Myers does not claim that he was innocent or that Myers' attorney told him to plead in his best interest because his attorney was unprepared to go to trial. At the trail court hearing Myers had the opportunity but he did not present additional factors showing why his guilty plea was involuntary. Under the totality of circumstances, Myers did not establish that his guilty plea was not voluntarily entered and that his guilty plea should be withdrawn. Therefore, Myers' case should not be remanded to allow him to withdraw his guilty plea.
NOTES
[1] The record and minute entries differ as to the filing of this petition. The clerk's notation on the petition is that it was filed on June 26, 1996; However, the clerk's stamp indicates the petition was filed on July 25, 1996.
[2] The various subsections of this chapter were amended in 1997 to add provisions relating to the registration of sexually violent predators and child predators. Though defendant would qualify as a child predator, see La. R.S. 15:541(15), the child predator provisions are specifically not applicable to defendant because of the date of his conviction. See La. R.S. 15:542.1(A).
[3] The quoted text is from La. R.S. 15:540 as amended by Acts 1997, No. 1147, § 1, eff. July 14, 1997. However, except for the addition of the terms "violent predators" and "child predators," the amended statute is identical to the pre-1997 statute.
[4] Overruled on other grounds by State v. Green, 93-1432 (La.App. 4 Cir. 4/17/96), 673 So.2d 262, writs denied, 96-1131, 96-1248 (La.10/4/96), 679 So.2d 1379, 1380.