769 So.2d 660 (2000)
STATE of Louisiana
v.
Shawn JOHNSON.
No. 99-K-2104.
Court of Appeal of Louisiana, Fourth Circuit.
September 6, 2000.
*661 Harry F. Connick, District Attorney, John R. Dildy, Assistant District Attorney, New Orleans, Louisiana, Counsel for Respondent.
Marion D. Floyd, Kenner, Louisiana, Counsel for Relator.
Court composed of Judge JAMES F. McKAY, III, Judge MICHAEL E. KIRBY, Judge PHILIP C. CIACCIO, Pro Tem.
KIRBY, J.
The Louisiana Supreme Court remanded this writ application to this Court for briefing and opinion.
On July 21, 1998 the State filed a bill of information charging the defendant, Shawn Johnson, with forcible rape, a violation of La. R.S. 14:42.1. At the arraignment on August 12, 1998, OIDP attorney Keith Lewis was appointed to represent the defendant, who pleaded not guilty. Later that same day, the defendant, through counsel, withdrew his former plea of not guilty and pleaded guilty as charged.
On November 20, 1998, the defendant, who was now represented by different counsel, Willie Turk, filed a motion to withdraw the guilty plea. After a hearing, the trial court denied the motion.
On July 23, 1999 the defendant, who was now represented by Marion Floyd, filed another motion to withdraw the guilty plea. On July 29, 1999 a hearing with oral arguments was held. On August 13, 1999 the trial court denied the motion to withdraw. Defendant filed an application for supervisory writs with this Court on August 20, 1999.
On January 19, 2000, this Court granted defendant's writ application, finding that, under the totality of the circumstances, the trial court abused its discretion in denying relator's motion to withdraw his guilty plea. Citing State v. Calhoun, 96-0786 (La.5/20/97), 694 So.2d 909, this Court reversed the trial court's ruling and remanded this case for further proceedings. On June 16, 2000, the Louisiana Supreme Court remanded this matter to this Court for briefing and full opinion, and argument if this Court desired. This Court chose not to entertain oral argument in this matter, but the parties were allowed to file additional briefs.
Defense counsel argues that the OIDP attorney, Keith Lewis, met with the defendant only once in the courtroom on the day he pleaded guilty. The defendant attempted to discuss the preliminary hearing with counsel, because the magistrate noted inconsistencies in the victim's statements. Counsel allegedly told the defendant that efforts to prove his innocence would be futile and advised him to plead guilty and he would receive a two year sentence, suspended due to his good school record and lack of a previous criminal record. However, the defendant at the Boykin hearing stated that no one made promises to him as to sentence. Defense counsel also alleges that the defendant was not advised of the mandatory sex offender registration *662 requirements and cites State v. Calhoun, 96-0786 (La.5/20/97), 694 So.2d 909.
La. C.Cr.P. art. 559(A) gives the trial court the discretion to permit a withdrawal of a guilty plea at any time prior to sentencing.
La. R.S. 15:542(A) provides:
Any adult residing in this state who has pled guilty or has been convicted of any sex offense and any juvenile who has pled guilty or has been convicted of a sex offense as provided for in Children's Code Article 857 shall register with the sheriff of the parish of the person's residence. If the adult or juvenile resides in a parish with a population in excess of four hundred fifty thousand, he shall register with the police department of his municipality of residence.
La. R.S. 15:543(A) provides: "The court shall provide written notification to any defendant charged with a sex offense of the registration requirements of 15:542. Such notice shall be included on any guilty plea forms and judgment and sentence forms provided to the defendant."
In State v. Calhoun, 694 So.2d at 909, the defendant pro se argued that he entered the guilty plea only because his counsel told him that there were no possible defenses and the sentences would be less harsh if he pleaded guilty; he contended that counsel was not prepared and was in no position to advise him. The defendant also argued that the trial court failed to inform him of the sex offender registration laws. In that case, at the hearing on the motion to withdraw the guilty plea, the trial court stated that it intended to inform the defendant of the requirements at the sentencing. The Supreme Court reasoned:
Thus, LSA-RS 15:543(A) expressly directs the district court to provide written notice to any defendant who is "charged with"not "convicted of"a sex offense. The use of the words "charged with" was not accidental. The purposeful use of these words reflects a legislative acknowledgment of the severity of the registration provisionsprovisions that essentially place a modern-day scarlet letter upon convicted sex offenders. For that reason, the Legislature enacted detailed notification provisions to ensure that any defendant who might be subjected to these severe registration provisions be fully informed of the possibility early on in the process ideally, when "charged," but at the very least, prior to the defendant's entering a guilty plea.
We also note that LSA-RS 15:543(A) requires that written notification of the registration requirements appear "on any guilty plea forms." This additional mandate also reflects the Legislature's intent to ensure that a defendant be forewarned of the registration requirements, especially before a defendant enters his plea.
In the instant case, despite the directive in LSA-RS 15:543(A), the district court judge failed to provide Calhoun any notice, written or otherwise, of the registration requirements prior to accepting his guilty plea. In our view, notice after a guilty plea has been entered and accepted by the court amounts to untimely notice under the statute, especially since the defendant has no absolute right at the district court level to withdraw a previously entered plea of guilty under La. C.Cr.P. article 559.
* * *
We conclude, therefore, that the district court judge's failure to advise Calhoun of the registration requirements before accepting his guilty plea is a factor that undercuts the voluntariness of that plea. (footnote omitted)
State v. Calhoun, pp. 7-9, 694 So.2d at 913-14.
The Supreme Court went on to discuss Calhoun's ineffectiveness of counsel claim. The Court noted that less than a week before the trial date, trial counsel filed a *663 motion to be relieved as counsel or, alternatively, for a continuance of the trial because he was not prepared. Yet on the very next day, he counseled the defendant to enter guilty pleas. At the hearing on the motion to withdraw the guilty plea, Calhoun testified that he was innocent, but he entered the guilty pleas because counsel told him that there was no hope at trial. At the Boykin hearing, his counsel had stated that Calhoun expressed concerns about every fact presented by the State. The trial court accepted the "best interest" or Alford plea only after Calhoun admitted that although he disagreed with the facts, he believed that it was in his best interest to plead guilty. Id. at 914.
The Supreme Court concluded that several factors undercut the voluntariness of Calhoun's guilty plea: 1) the trial court's failure to inform Calhoun of the sex offender registration requirements at the guilty plea stage; 2) defense counsel's lack of preparedness when he was counseling Calhoun that it was in his best interest to plead guilty; and 3) Calhoun's steadfast adherence to the fact that he was innocent. Under the totality of the circumstances, the Court concluded that the trial court had abused its discretion by denying the motion to withdraw. The Supreme Court reversed the appellate court, which had affirmed the trial court's decision. The Court granted Calhoun's motion to withdraw his guilty plea and remanded for further proceedings. Id. at 915-16.
Defense counsel argues that this case is similar to State v. Calhoun, 694 So.2d at 909. At the preliminary hearing, Detective Bryant Bailey testified that the alleged victim, E. R.[1], who was sixteen years old at the time of the incident, went to the police on February 6, 1998 to report a rape that had occurred on June 22, 1997. She had been a student at the Loyola Upward Bound Program. As she was walking back to the dormitory, she was accosted from the rear. E. R. told the detective that the assailant grabbed her around the waist and forced her into the computer lab. He slammed her up against the wall with her back to the wall, he removed her pants, and he forced vaginal intercourse on her. She claimed that she did not consent. He used only physical force; he had no weapons and made no threats. E. R. said that she saw the defendant's face. She positively identified the defendant, whom she knew as a counselor with the program. E. R. claims that she became pregnant as a result of this rape. Detective Bailey said that he did not have E. R. examined; she told him that her personal doctor had examined her. He said that no evidence was collected and no DNA testing has been done[2]. E. R. said that the reason she waited eight months to report the incident was because her mother had been critically ill and she did not want to add to her mother's problems. Detective Bailey stated that the defendant made two statements, but he never admitted any wrongdoing. The detective admitted that he had no physical evidence or eyewitnesses tying the defendant to the crime.
The magistrate noted that some of the facts recited by the detective at the hearing differed from those in the arrest warrant. According to the warrant, E. R. told the detective that the assailant had taken her into the lab and put her on his lap. There was nothing in the warrant indicating that the perpetrator used force other than putting her on his lap. The detective noted that E. R. had said in the warrant that the assailant grabbed her by the arms and held her. The magistrate noted that there was no mention of being slammed up against a wall. Detective Bailey said that he discovered "all of that" in the second interview. The magistrate said: "Thing *664 (sic) changed a little bit." The detective said: "Yes."
The magistrate noted that the victim was eight months pregnant when she went to the police. The magistrate noted: "You have conflicting statements by the young girl. You have the fact that the young girl is eight months pregnant before she decides she was raped. It took her eight months to think about it." The prosecutor interjected that it took eight months for her to disclose the rape. The magistrate stated: "She discloses her story with two different stories." Defense counsel argued that there was no physical evidence and that E. R. was looking for a scapegoat. The magistrate concluded:
Because he's free on bondI'm not here to test the credibility of the witness since she's not on the stand. If she was (sic) on the stand, I would question her credibility very strongly, but she's not here and to question her credibility through a third party would not be fair. Since your client is free on bond and it would not affect him by my finding probable cause for the arrest, but if the D.A.'s office would accept this charge (sic) I would be extremely shocked. (sic) and also your client will not be affected by this. If he were not free on bond (sic) he would be out today.
In this case, when the defendant entered a guilty plea, the trial court advised him of his Boykin rights and asked him whether his counsel had explained his rights and the consequences of pleading guilty to a felony. The defendant responded affirmatively. The trial court read the possible sentencing range for a first offender and ordered a pre-sentence investigation. The court asked whether the defendant had been promised anything else. He answered negatively. He also answered negatively when he was asked whether he had been forced, threatened, or coerced to enter the plea. When the defendant was asked whether he wished to plead guilty because he was in fact guilty of the offense of forcible rape, he answered affirmatively.
According to the Boykin transcript, the defendant was never notified about the mandatory sex registration requirements under La. R.S. 15:542. Furthermore, the registration requirements were not written on the guilty plea form signed by the defendant.
According to the July 29, 1999 transcript of the hearing on the motion to withdraw the guilty plea, the defendant's presence was waived. Mr. Marion Floyd, defense counsel, argued that under La. R.S. 15:543(A) the trial court has an affirmative duty to provide written notification of the registration requirement on the guilty plea and sentencing form to any defendant charged with a sex offense. Counsel contended that under State v. Calhoun, 694 So.2d at 909, the trial court's failure to provide this notification to a defendant basically makes the guilty plea subject to withdrawal.
The State argued that the defendant's new counsel, Marion Floyd, was raising the issue of registration that had not been raised by the defendant's former counsel, Mr. Willie Turk, when he filed the first motion to withdraw the guilty plea. The State noted that the issue arose after the defendant had been advised of his Boykin rights and pleaded guilty. According to the State, in Mr. Turk's arguments regarding the withdrawal of the guilty plea, he stated that defendant did not realize exactly what was going on when he pleaded guilty; but Turk did not argue that the plea should be withdrawn because of failure to notify defendant of the registration requirements. Mr. Floyd responded that he could not be responsible for what Mr. Turk had argued.
The State also argues that the failure to notify the defendant of the requirement of sex offender registration at the guilty plea is harmless error. The State cites a U.S. Fifth Circuit opinion, United States v. Johnson, 1 F.3d 296 (5th Cir.1993), an en banc decision in which the trial court informed *665 the defendant of the maximum statutory penalty of forty years and the supervised release term of six to ten years, but failed to advise him that one of the charges to which he was pleading carried a mandatory minimum penalty of one year imprisonment. According to the record, defense counsel had informed the defendant that under the Federal Sentencing Guidelines, he was "looking in the neighborhood" of twenty-one to twenty-seven years. The Fifth Circuit held that the error was harmless. This federal case is not on point. It relies upon Federal Rule of Criminal Procedure 11(h), which provides: "Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." The State does not mention that in another federal case, United States v. Whyte, 3 F.3d 129 (5th Cir.1993), the U.S. Fifth Circuit found that the trial court's misstatement that the minimum possible sentence was five years (when it was in fact ten years) was not harmless. Those federal cases involved misstatements as to sentencing minimums, not statutory requirements that the defendant be informed of registration requirements when sex offenses are at issue.
On the showing made and in light of State v. Calhoun, 694 So.2d at 909, we find that the trial court's failure to notify the defendant of the registration requirements in this case undercut the voluntariness of the defendant's guilty plea. In addition to the failure to notify, we also note that the original defense counsel was appointed on the day of arraignment and could not have properly investigated the case prior to defendant's entry of a guilty plea on that same day. The preliminary hearing transcript shows that the victim's statements to the police were inconsistent, and her statements were made eight months after the rape occurred when the customary examination was impossible. Under the totality of the circumstances, we find that the trial court abused its discretion by denying the motion to withdraw the guilty plea. See State v. Myers, 98-1213 (La. App. 4 Cir. 2/9/00), 753 So.2d 921.
Accordingly, we grant the relator's writ application and reverse the trial court's ruling denying the motion to withdraw the guilty plea. Relator's motion to withdraw his guilty plea is granted and this case is remanded for further proceedings.
REVERSED AND RENDERED.
NOTES
[1] Because of the nature of the charged offense, the alleged victim will be referred to by her initials, E. R.
[2] The State claims in its brief that DNA testing has now been completed; however, no evidence of this testing is attached to the State's brief or included anywhere else in this writ application.